UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEJANDRO SANCHEZ,<br><br>   Plaintiff,<br><br>   v.<br><br>WARDEN AT CCI, et al.,<br><br>   Defendants. | No. 1:23-cv-01706-SAB (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN A DISTRICT JUDGE TO THIS ACITON<br><br>FINDINGS AND RECOMMENDATION RECOMMENDING DISMISSAL OF THE ACTION FOR FAILURE TO STATE A COGNIZABLE CLAIM FOR RELIEF<br><br>(ECF No. 11) |

Plaintiff is proceeding pro se and in forma pauperis in this action filed pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's first amended complaint, filed February 29, 2024.

**I.**

**SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B);

1

1 see also 28 U.S.C. § 1915A(b).

2   A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.

## SUMMARY OF ALLEGATIONS

The Court accepts Plaintiff's allegations in his complaint as true *only* for the purpose of the screening requirement under 28 U.S.C. § 1915.

On August 23, 2023, while housed at the California Correctional Institution 4A yard, building 2, staff informed all inmates that they were to be moved to other building within facility 4A. The inmates requested proper documentation as to why they were being moved to a different building and if they declined to be moved whether disciplinary action would be taken.

Warden B. Cates contacted building staff and directed them to start the process of rehousing inmates. When the inmates refused to be moved, B. Cates told officers Mooro and Macias to collect all inmates canteen and package food items in an attempt to "starve" them. Officers Mooro and Macias did not ask each inmate if they were willing to eat state issued food.

### III.

### DISCUSSION

**A.	Conditions of Confinement-Lack of Food**

"It is undisputed that the treatment a prisoner receives in prison and the conditions under which [the prisoner] is confined are subject to scrutiny under the Eighth Amendment." Helling v. McKinney, 509 U.S. 25, 31 (1993); see also Farmer v. Brennan, 511 U.S. 825, 832 (1994). Conditions of confinement may, consistent with the Constitution, be restrictive and harsh. See Rhodes v. Chapman, 452 U.S. 337, 347 (1981); Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006); Osolinski v. Kane, 92 F.3d 934, 937 (9th Cir. 1996); Jordan v. Gardner, 986 F.2d 1521, 1531 (9th Cir. 1993) (en banc). Prison officials must, however, provide prisoners with "food, clothing, shelter, sanitation, medical care, and personal safety." Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986), abrogated in part on other grounds by Sandin v. Connor, 515 U.S. 472 (1995); see also Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000); Hoptowit v. Ray, 682 F.2d 1237, 1246 (9th Cir. 1982); Wright v. Rushen, 642 F.2d 1129, 1132-33 (9th Cir. 1981).

Two requirements must be met to show an Eighth Amendment violation. Farmer, 511 U.S. at 834. "First, the deprivation alleged must be, objectively, sufficiently serious." Id. (citation and internal quotation marks omitted). Second, "a prison official must have a sufficiently culpable state of mind," which for conditions of confinement claims "is one of deliberate indifference." Id. (citations and internal quotation marks omitted). Prison officials act with deliberate indifference when they know of and disregard an excessive risk to inmate health or safety. Id. at 837. The circumstances, nature, and duration of the deprivations are critical in determining whether the conditions complained of are grave enough to form the basis of a viable Eighth Amendment claim. Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2006).

With regard to food, the courts have concluded, "the Eighth Amendment requires only that prisoners receive food that is adequate to maintain health; it need not be tasty or aesthetically pleasing." LeMaire v. Maass, 12 F.3d 1444, 1456 (9th Cir.1993) (citation omitted).  Only those conditions of confinement that deny a prisoner "the minimal civilized measure of life's necessities

are sufficiently grave to form the basis of an Eighth Amendment violation." Id. (quoting Hudson v. McMillian, 503 U.S. 1(1992)).  Although the Ninth Circuit has provided no guidance on the quantity of prisoner food necessary to pass constitutional muster, other courts have established guidelines. See, e.g., Green v. Ferrell, 801 F.2d 765, 770–71 (5th Cir.1986) (finding two meals a day sufficient if nutritionally and calorically adequate); see also Sostre v. McGinnis, 442 F.2d 178, 186, 193–94 (2d Cir.1971) (finding diets of 2,800 to 3,300 calories per day constitutionally adequate), overruled on other grounds in Davidson v. Scully, 114 F.3d 12 (2d Cir.1997); Cunningham v. Jones, 667 F.2d 565, 566 (6th Cir.1982) (finding one meal a day for 15 days, where the meal contained 2,000 to 2,500 calories and was sufficient to maintain health, constitutionally adequate).

It is well settled that the Eighth Amendment does not guarantee a prisoner the "right to meals of his choice." Garnica v. Washington Dep't of Corr., 965 F. Supp. 2d 1250, 1267 (W.D. Wash. 2013), aff'd, 639 F. App'x 484 (9th Cir. 2016) (citing LeMaire, 12 F.3d at 1456). Nor does a prisoner have a constitutional right to be served a hot meal. Garnica, 965 F. Supp. 2d at 1267 (citing Cunningham v. Jones, 567 F.2d 653, 659-60 (6th Cir. 1977)). Nonetheless, the repeated deprivation of meals may be sufficient to state a constitutional claim. See Foster v. Runnels, 554 F.3d 807, 812 (9th Cir. 2009) (allegation that prisoner was denied 16 meals in 23 days stated a "sufficiently serious deprivation" to satisfy the objective prong of an Eighth Amendment claim).

As with original complaint, although Plaintiff claims that Defendants took his canteen/packaged food and starved him per order by the Warden, there are no facts as to how long or how often it occurred and whether he was entirely denied food.  Thus, the Court cannot determine whether Plaintiff's alleged deprivation of food sufficiently states a claim for violation of the Eighth Amendment. See LeMaire, 12 F.3d at 1456;   Marshall v. Bazzle, No. 4:08-cv-2775-GRA, 2009 WL 2858999, at *6 (D.S.C. Aug. 27, 2009) ("Occasional short-lived problems with food service and isolated instances of spoiled food or foreign objects in the food do not state cognizable claims under the Eighth Amendment."); Miller v. Fogle, No. 613-1670-TMC, 2013 WL 4499479, *2 (D.S.C. Aug. 19, 2013) ("[O]ne-time or intermittent mishaps with respect to food are not a constitutional violation.").  Plaintiff's vague reference to the confiscation of his

canteen/packaged food is not enough to infer that the deprivation is serious enough that it amounts to a deprivation of a basic human need. Accordingly, Plaintiff fails to state a cognizable claim for relief.

### B.     Further Leave to Amend

In light of the fact that the Court informed Plaintiff previously of the relevant legal standards governing his claims and he has failed to cure the pleading deficiencies, further leave to amend would be futile. Hartmann v. Cal. Dep't of Corr. & Rehab., 707 F.3d 1114, 1130 (9th Cir. 2013) ("A district court may deny leave to amend when amendment would be futile."); Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

## IV.

## ORDER AND RECOMMENDATION

Based on the foregoing, it is HEREBY ORDERED that the Clerk of Court is directed to randomly assign a District Judge to this action.

Further, it is HEREBY RECOMMENDED that the instant action be dismissed, without further leave to amend, for failure to state a cognizable claim for relief.

This Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with this Findings and Recommendation, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **March 25, 2024**

UNITED STATES MAGISTRATE JUDGE